UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE MOSHER #12229-040,

       Plaintiff,                      Hon. Janet T. Neff

v.                                Case No. 1:08-cv-01043

RICHARD ALAN ENSLEN,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff has initiated the present action against the Honorable Richard Alan Enslen. (Dkt. #1). The Court has granted Plaintiff's motion to proceed as a pauper. (Dkt. #3). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The following allegations are contained in the related action Plaintiff recently filed against the Honorable Robert Holmes Bell. *Mosher v. Bell*, case no. 1:08-cv-989 (W.D. Mich.). In 2003, the United States of America initiated a civil action against Plaintiff (and others) seeking a permanent injunction preventing Plaintiff from engaging in various activities relating to: (a) the marketing, promotion, or sale of abusive tax shelters, plans, or arrangements; and (b) the preparation or assistance of any tax or tax-related forms. *See United States v. Mosher, et al.*, case no. 1:03-cv-208, Dkt. #1 (W.D. Mich.). This matter was heard by the Honorable Robert Holmes Bell. Plaintiff subsequently agreed to the entry of an injunction, the terms of which prevented him from engaging in a wide range of activity. *See United States v. Mosher, et al.*, case no. 1:03-cv-208, Dkt. #59 (W.D. Mich.). In this present action, Plaintiff asserts that he subsequently violated the terms of this injunction and was sentenced to serve 54 months in prison by the Honorable Richard Alan Enslen. *See United States v. Mosher*, case no. 1:07-cr-67 (W.D. Mich.).

Plaintiff has asserted numerous (and largely unintelligible) allegations against Judge Enslen for his role in this matter. Plaintiff asserts that because "THE UNITED STATES OF AMERICA is not the UNITED STATES," the Court "lacked jurisdiction." Plaintiff also asserts the conclusory allegation that Judge Enslen engaged in a "conspiracy" and "PERJURED HIS OATH" by "REPRESENTING THE UNITED STATES OF AMERICA." Plaintiff claims that he has been subjected to a "miscarriage of justice." Plaintiff requests that his criminal conviction be vacated and that he be immediately released from prison. Plaintiff has asserted no facts which, if proven, would

entitle him to relief. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

Date: February 10, 2009              /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).